UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NIKO SIMMONS, # 197744,

    Petitioner,

v.

CINDI CURTIN,

    Respondent.
    _____/

Case No. 10-cv-14751

HONORABLE STEPHEN J. MURPHY, III

## **OPINION AND ORDER OF SUMMARY DISMISSAL**

Pro se petitioner Niko Simmons is currently confined at the Oaks Correctional Facility in Manistee, Michigan. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that he was transferred to the Oaks Correctional Facility from the Carson City Correctional Facility based upon an improper security classification. He asks the Court to order that he be transferred to a new facility. For the reasons state below, the Court will deny the petition.

### **DISCUSSION**

All federal habeas corpus petitions are subject to preliminary screening by the district court. *See* 28 U.S.C. § 2243 ("A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto.*" (emphasis added)); *see also* Rule 4, Rules Governing Section 2254 Cases (requiring district court to summarily dismiss habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief . . . ."); Rule 1(b), Rules Governing Section 2254 Cases (providing that district court may apply Rules Governing Section 2254 Cases,

such as Rule 4, to habeas petitions brought under § 2241); *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). After review, the Court finds the petition is subject to summary dismissal.

Simmons is presently confined at the Oaks Correctional Facility in Manistee, Michigan, pursuant to convictions for armed robbery and felony firearm, second offense. The convictions are the result of a guilty plea entered in Wayne County Circuit Court. On June 21, 2007, Simmons was sentenced to 7 to 20 years' imprisonment for the armed robbery conviction and 5 years for the felony-firearm conviction.

Simmons does not challenge here his convictions or sentences. Rather, he challenges only his transfer to, and continued incarceration in, a Level IV facility. He was transferred from the Carson City Correctional Facility in Carson City, Michigan to the Oaks Correctional Facility, a strictly Level IV facility. Carson City Correctional Facility consists of several housing units for security Levels I, II, and IV. Simmons claims he is entitled to confinement in a Level II facility, and asks that he be transferred to one immediately.

28 U.S.C. § 2241 generally "is reserved for challenges to the execution of a sentence, such as the computation of parole or sentence credits[.]" *Velasco v. Lamanna*, 16 F. App'x 311, 314 (6th Cir. 2001) (citing *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979)); *see United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991) ("[A]n attack upon the execution of a sentence is properly cognizable in a 28 U.S.C. § 2241(a) habeas petition."). Simmons's challenges to his security classification and resulting transfer to a different facility, however, are not attacks upon the execution of his sentence, and therefore, are not cognizable under § 2241. *See McCall v. Ebbert*, 384 F. App'x 55, 57-58 (3d Cir. 2010) (holding that petitioner's challenges to security classification and resulting

2

prison transfer were challenges to conditions of confinement not cognizable under § 2241); *Estrada v. Chavez*, No. CV 08-1358, 2009 WL 1383328, *5 (D. Ariz. May 15, 2009) (same).

Moreover, Simmons's challenge is not cognizable because prisoners have no constitutional right to be incarcerated in a particular facility or to be held in a specific security classification. *See Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983) (holding that inmate has no justifiable expectation of being incarcerated in a particular facility); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (finding "no due process protections . . . required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a 'grievous loss' upon the inmate"). Therefore, because Simmons has no liberty interest in a particular security level, his rights under the Due Process Clause have not been violated. *See Norton v. Tenn. Dep't of Corr.*, No. 2:10-cv-839, 2010 WL 3733540, *2 (M.D. Tenn. Sept. 7, 2010) (denying habeas petition challenging security classification because petitioner lacked liberty interest to support due process claim). Absent a predicate violation of federal law, Simmons is not entitled to habeas relief. *See* 28 U.S.C. § 2241(c)(3).

A state prisoner denied habeas relief under § 2241 must obtain a certificate of appealability (COA) before appealing the denial. *See Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 372 (6th Cir. 2001). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to

deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition does not state a cognizable claim supporting habeas relief. Therefore, the Court declines to issue a certificate of appealability.

**WHEREFORE**, it is hereby **ORDERED** that that the petition for a writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that the Court **DECLINES** to issue a certificate of appealability.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: December 17, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 17, 2010, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager